MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ARMANDO ACEVEDO CRUZ, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| SUZUKI HOSPITALITY GROUP LLC | **29 U.S.C. § 216(b)** |
| (D/B/A SUZUKI, SATSUKI, AND THREE | |
| PILLARS), YUTA SUZUKI, and OYOKATA | **ECF Case** |
| TOSHIO SUZUKI, | |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Armando Acevedo Cruz ("Plaintiff Acevedo" or "Mr. Acevedo"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Suzuki Hospitality Group LLC (d/b/a Suzuki, Satsuki, and Three Pillars), ("Defendant Corporation"), Yuta Suzuki, and Oyokata Toshio Suzuki, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Acevedo is a former employee of Defendants Suzuki Hospitality Group LLC (d/b/a Suzuki, Satsuki, and Three Pillars), Yuta Suzuk, and Oyokata Toshio Suzuki.

2.       Defendants own, operate, or control a Japanese restaurant, sushi bar, and bar, located at 114 W 47th Street, New York, NY 10036 under the names "Suzuki, Satsuki, and Three Pillars."

3.       Upon information and belief, individual Defendants Yuta Suzuki and Oyokata Toshio Suzuki, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the Japanese restaurant, sushi bar, and bar as a joint or unified enterprise.

4.       Plaintiff Acevedo was employed as a bartender/drink maker at the Japanese restaurant, sushi bar, and bar located at 114 W 47th Street, New York, NY 10036.

5.       At all times relevant to this Complaint, Plaintiff Acevedo worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.       Rather, at all relevant times, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Acevedo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.       Furthermore, Defendants repeatedly failed to pay Plaintiff Acevedo wages on a timely basis.

8.       In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Acevedo's and other tipped employees' tips and made unlawful deductions from Plaintiff Acevedo's and other tipped employees' wages.

9.       Defendants' conduct extended beyond Plaintiff Acevedo to all other similarly situated employees.

10.       At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Acevedo and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Acevedo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Acevedo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Acevedo's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Japanese restaurant, sushi bar, and bar located in this district. Further, Plaintiff Acevedo was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.     Plaintiff Armando Acevedo Cruz ("Plaintiff Acevedo" or "Mr. Acevedo ") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Acevedo was employed by Defendants at Suzuki, Satsuki, and Three Pillars from approximately March 2017 until on or about September 2019.

17.    Plaintiff Acevedo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.    At all relevant times, Defendants owned, operated, or controlled a Japanese restaurant, sushi bar, and bar, located at 114 W 47th Street, New York, NY 10036 under the name "Suzuki, Satsuki, and Three Pillars".

19.    Upon information and belief, Suzuki Hospitality Group LLC (d/b/a Suzuki, Satsuki, and Three Pillars) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 114 W 47th Street, New York, NY 10036.

20.    Defendant Yuta Suzuki is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Yuta Suzuki is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Yuta Suzuki possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Acevedo, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

21.    Defendant Oyokata Toshio Suzuki is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Oyokata Toshio Suzuki is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Oyokata Toshio Suzuki possessed operational control over Defendant Corporation, an

ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Acevedo, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

22.    Defendants operate(d) a Japanese restaurant, sushi bar, and bar located in in the Midtown section of Manhattan.

23.    Individual Defendants, Yuta Suzuki and Oyokata Toshio Suzuki, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.    Each Defendant possessed substantial control over Plaintiff Acevedo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Acevedo, and all similarly situated individuals, referred to herein.

26.    Defendants jointly employed Plaintiff Acevedo (and all similarly situated employees) and are Plaintiff Acevedo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.    In the alternative, Defendants constitute a single employer of Plaintiff Acevedo and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendants Yuta Suzuki and Oyokata Toshio Suzuki operate(d) Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Acevedo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Acevedo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Acevedo's services.

30.    In each year from 2017 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Japanese restaurant, sushi bar, and bar on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.    Plaintiff Acevedo is a former employee of Defendants who was employed as a bartender/drink maker. Plaintiff Acevedo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Armando Acevedo Cruz*

33.    Plaintiff Acevedo was employed by Defendants from approximately March 2017 until on or about September 2019.

34.    Defendants ostensibly employed Plaintiff Acevedo as a bartender/drink maker.

35.    Plaintiff Acevedo regularly handled goods in interstate commerce, such as food and condiments and other supplies produced outside the State of New York.

36.    Plaintiff Acevedo's work duties required neither discretion nor independent judgment.

37.    From approximately March 2017 until on or about August 2017, Plaintiff Acevedo worked 3 days per week, approximately 25-26 hours per week.

38.     From approximately August 2017 until on or about August 26, 2018, Plaintiff Acevedo worked from approximately 4:00 p.m. until on or about 11:30 p.m. to 12:00 a.m., 6 days a week (typically 45 to 48 hours per week).

39.     From approximately August 27, 2018 until on or about December 31, 2018, Plaintiff Acevedo worked 5 days a week, approximately 30 hours per week.

40.     From approximately January 2019 until on or about September 2019, Plaintiff Acevedo worked 4-5 days per week, approximately 28 hours per week.

41.     Throughout his employment, Defendants paid Plaintiff Acevedo his wages by check.

42.     From approximately March 2017 until on or about August 2017, Defendants paid Plaintiff Acevedo $7.50 per hour.

43.     From approximately August 2017 until on or about August 26, 2018, Defendants paid Plaintiff Acevedo a fixed salary of $865.38 per week.

44.     From approximately August 27, 2018 until on or about September 2018, Defendants paid Plaintiff Acevedo $21.63 per hour.

45.     From approximately August 2018 until on or about December 2018, Defendants paid Plaintiff Acevedo $8.65 per hour.

46.     From approximately January 2019 until on or about September 2019, Defendants paid Plaintiff Acevedo $13 per hour for his regular hours and $19.50 for his overtime hours.

47.     For approximately one week, Defendants did not pay Plaintiff Acevedo any wages for his work.

48.     In addition, on various occasions, Defendants instructed Plaintiff Acevedo to wait several weeks before cashing his paychecks.

49.     Defendants never granted Plaintiff Acevedo any breaks or meal periods of any kind.

50.    Defendants withheld a portion of Plaintiff Acevedo's tips; specifically, Defendants withheld 50% of the tips he made from Satsuki.

51.    From approximately August 2017 until on or about August 2018, Defendants required Plaintiff Acevedo to record fewer hours than he actually worked. As a result, Plaintiff Acevedo was not compensated for all of the hours that he worked.

52.    At all relevant times, no notification, either in the form of posted notices or other means, was given to Plaintiff Acevedo regarding overtime and wages under the FLSA and NYLL.

53.    At all relevant times, Defendants did not provide Plaintiff Acevedo an accurate statement of wages, as required by NYLL 195(3).

54.    In fact, from approximately August 2017 until on or about August 2018, Defendants adjusted Plaintiff Acevedo's paystubs so that they reflected incorrect hours worked.

55.    At all relevant times, Defendants did not give any notice to Plaintiff Acevedo, in English and in Spanish (Plaintiff Acevedo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.    Defendants required Plaintiff Acevedo to purchase "tools of the trade" with his own funds—including bartender tools, such as knives, shakers, and ice picks.

*Defendants' General Employment Practices*

57.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Acevedo (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

58.     Plaintiff Acevedo was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

59.     Defendants' pay practices resulted in Plaintiff Acevedo not receiving payment for all his hours worked, and resulted in Plaintiff Acevedo's effective rate of pay falling below the required minimum wage rate.

60.     At all relevant times, Plaintiff Acevedo and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

61.     In violation of federal and state law as codified above, Defendants classified Plaintiff Acevedo and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

62.     Defendants failed to inform Plaintiff Acevedo who received tips that Defendants intended to take a deduction against Plaintiff Acevedo's earned wages for tip income, as required by the NYLL before any deduction may be taken.

63.     Defendants failed to inform Plaintiff Acevedo who received tips, that his tips were being credited towards the payment of the minimum wage.

64.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Acevedo who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving bartender/drink makers of a portion of the tips earned during the course of employment.

65.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

66.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

67.     At all relevant times, Defendants' time keeping system did not reflect the actual hours that Plaintiff Acevedo worked.

68.     At all relevant times, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

69.     At all relevant times, Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

70.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Acevedo (and similarly situated individuals) worked, and to avoid paying Plaintiff Acevedo properly for his full hours worked.

71.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

72.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Acevedo and other similarly situated former workers.

73.     At all relevant times, Defendants failed to provide Plaintiff  Acevedo  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.     At all relevant times, Defendants failed to provide Plaintiff Acevedo  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

75.     Plaintiff Acevedo brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

76.    At all relevant times, Plaintiff Acevedo  and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

77.    The claims of Plaintiff Acevedo stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

78.    Plaintiff Acevedo repeats and realleges all paragraphs above as though fully set forth herein.

79.    At all times relevant to this action, Defendants were Plaintiff Acevedo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Acevedo (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

80.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

81.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82.    Defendants failed to pay Plaintiff Acevedo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

83.     Defendants' failure to pay Plaintiff Acevedo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Acevedo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

85.     Plaintiff Acevedo repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Acevedo (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87.     Defendants' failure to pay Plaintiff Acevedo (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiff Acevedo  (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

89.      Plaintiff Acevedo  repeats and realleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Acevedo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Acevedo , controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

91.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Acevedo less than the minimum wage.

92.     Defendants' failure to pay Plaintiff Acevedo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Acevedo was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

94.      Plaintiff Acevedo repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Acevedo  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96.     Defendants' failure to pay Plaintiff Acevedo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

97.     Plaintiff Acevedo was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

98.      Plaintiff Acevedo repeats and realleges all paragraphs above as though fully set forth herein.

99.     At all relevant times, Defendants failed to provide Plaintiff Acevedo  with a written notice, in English and in Spanish (Plaintiff Acevedo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.     Defendants are liable to Plaintiff Acevedo in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

101.      Plaintiff Acevedo repeats and realleges all paragraphs above as though fully set forth herein.

102.     With each payment of wages, Defendants failed to provide Plaintiff Acevedo  with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103.    Defendants are liable to Plaintiff Acevedo in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

104.    Plaintiff Acevedo repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants required Plaintiff Acevedo to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

106.    Plaintiff Acevedo was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

107.    Plaintiff Acevedo repeats and realleges all paragraphs above as though fully set forth herein.

108.    At all relevant times, Defendants were Plaintiff Acevedo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

109.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

110.    Defendants unlawfully misappropriated a portion of Plaintiff Acevedo's tips that were received from customers.

111.    Defendants knowingly and intentionally retained a portion of Plaintiff Acevedo's tips in violations of the NYLL and supporting Department of Labor Regulations.

112.    Plaintiff Acevedo was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

113.    Plaintiff Acevedo  repeats and realleges all paragraphs above as though set forth fully herein.

114.    Defendants did not pay Plaintiff Acevedo on a regular weekly basis, in violation of NYLL §191.

115.    Defendants are liable to Plaintiff Acevedo in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Acevedo respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Acevedo  and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Acevedo  and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Acevedo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Acevedo  and the FLSA Class members;

(f)     Awarding Plaintiff Acevedo  and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Acevedo  and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Acevedo ;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Acevedo ;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Acevedo ;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Acevedo's compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Acevedo ;

(m)    Awarding Plaintiff Acevedo damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)    Awarding Plaintiff Acevedo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Acevedo  liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Acevedo  and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Acevedo  and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Acevedo  demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

April 14, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 16, 2020

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                           Armando Acevedo Cruz

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                        Armando Acevedo

Date / Fecha:                              16 de Octubre 2020

*Certified as a minority-owned business in the State of New York*